UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
RONALD CERRATO GALAN, on behalf of himself,
individually, and all other persons similarly situated,

                                                         Docket No.:

                  Plaintiff,

        -against-                              **COMPLAINT**

STYLE MANAGEMENT CO., INC., ANDREW
ROSENBERG, and STEFANIE ROSENBERG,

                  Defendants.
--------------------------------------------------------------------------X

       Plaintiff, Ronald Cerrato Galan, on behalf of himself, individually, and all other persons

similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC,

complaining of the Defendants, Style Management Co., Inc., Andrew Rosenberg, and Stefanie

Rosenberg (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and

19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"),

for failure to pay the minimum wage rates under the FLSA and NYLL, failure to furnish a wage

notice upon his hire under NYLL § 195(1), failure to provide accurate – or any – wage statements

for each pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the

facts set forth herein.

       2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action

provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly-situated during the applicable FLSA limitations period who suffered

damages as a result of Defendants' willful violations of the FLSA.  Plaintiff brings his claims

under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action

Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. §

1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within

the Southern District of New York.

## THE PARTIES

5.      At all times relevant, Plaintiff Ronald Cerrato Galan ("Cerrato" or "Plaintiff") was

a resident of the County of Queens, State of New York.

6.      At all times relevant, Plaintiff Cerrato was an "employee" within the meaning of

the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

7.      At all times relevant, Defendant Style Management Co., Inc. is and was a domestic

business corporation with multiple business locations and has a principal place of business at 518

West 44th Street, New York, New York 10036.

8.      At all relevant times, Defendant Style Management Co., Inc. was subject to the

requirements of the FLSA because, upon information and belief, it had annual gross revenue of at

least $500,000, was engaged in interstate commerce and had employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce,

including but not limited to tools, vacuum cleaners, glass cleaners, mops, brooms, dust pans,

cleaning supplies, fuel, automobiles and other vehicles, garbage receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

9.     At all times relevant, Defendant Style Management Co., Inc. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

10.     At all times relevant, Defendant Andrew Rosenberg is and/or was the Chief Executive Officer of and/or owner of Defendant Style Management Co., Inc., had authority to make payroll decisions for that corporation, had authority to make hiring, firing and other personnel decisions for that corporation, was active in the day to day management of that corporation, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for employees of that corporation, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

11.     At all times relevant, Defendant Stefanie Rosenberg is and/or was an officer and/or owner of Defendant Style Management Co., Inc., had authority to make payroll decisions for that corporation, had authority to make hiring, firing and other personnel decisions for that corporation, was active in the day to day management of that corporation, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for employees of that corporation, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **FACTS**

12.     Defendants are a corporation and its owners that are engaged in the business of renting and leasing taxi cab vehicles throughout New York City.  Defendants' fleet of taxi cabs for rent and lease consisted of approximately 240 to 250 vehicles.

13.     Defendants employed Plaintiff Cerrato as a non-exempt parking garage attendant, cleaner and laborer from in or about early 2011 through on or about in or about March 2020 and again from in or about July 2020 until in or about August 2021.

14.     Throughout his employment, Plaintiff Cerrato was responsible for sweeping vehicles, washing vehicles, cleaning Defendants' garage, parking vehicles in their garage, and other related tasks.

15.     Plaintiff performed these duties primarily at Defendants' garage at 518 West 44th Street, New York, New York 10036.  On occasion, Defendants required Plaintiff to travel to a separate parking lot located in New York and operated by Defendants to perform the same duties for Defendants' vehicles stored at that location.

16.     Throughout the six years prior to the commencement of this action until his employment ended, Plaintiff Cerrato regularly worked six or seven days per workweek. Throughout his employment, Plaintiff Cerrato regularly worked on Sunday through Friday from approximately 11:00 p.m. until 9:00 a.m.  Throughout the six years prior to the commencement of this action until his employment ended, Defendants required Plaintiff to work an additional day on Saturday from approximately 11:00 p.m. until 9:00 a.m. during approximately two workweeks per month.  Plaintiff typically received an uninterrupted meal break of thirty minutes during each workday.  Accordingly, Defendants required Plaintiff Cerrato to work, Plaintiff Cerrato did regularly work, between 57 and 66.5 hours, or sometimes even more hours, during each workweek.

17.     Throughout his employment, Defendants paid Plaintiff Cerrato a fixed weekly salary of $400.00 per workweek for workweeks that he worked six workdays and a fixed weekly salary of $480.00 per workweek for workweeks that he worked seven workdays, regardless of his number of hours worked each workday or workweek.

18.     Throughout his employment, Defendants paid Plaintiff his wages in cash.

19.     Throughout his employment, despite regularly working in excess of forty hours per workweek, Defendants failed to pay Plaintiff Cerrato at the statutorily required overtime rate of one and one-half times the minimum wage or his regular rate of pay, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

20.     Moreover, throughout his employment, Plaintiff's monthly salary, when converted to an hourly regular rate of pay by operation of law for each pay period, results in an hourly rate of pay below the mandated minimum wage rates in violation of the FLSA and NYLL.

21.     Throughout his employment, Defendants employed eleven or more individuals as employees.

22.     Throughout his employment, Defendants did not track or record the hours worked or number of hours worked by Plaintiff Cerrato.

23.     During his employment, Plaintiff Cerrato repeatedly demanded that Defendants pay him overtime compensation for his hours worked in excess of forty during each workweek.  In response, Defendants informed Plaintiff that they would pay him his unpaid overtime compensation.  Despite Defendants' promise to provide Plaintiff with overtime compensation, and despite Plaintiff regularly working in excess of forty hours per workweek, Defendants never paid Plaintiff any overtime compensation for any work performed during his employment.

24.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track or maintain records of hours worked by Plaintiff Cerrato, failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff Cerrato of overtime and minimum compensation, and failing to pay Plaintiff

Cerrato his overtime compensation owed even after Plaintiff Cerrato repeatedly notified Defendants of their obligation to pay him overtime compensation under the applicable wage laws.

25.     Defendants failed to provide Plaintiff Cerrato with a notice and acknowledgement of his wage rate upon Plaintiff's re-hire in or about July 2020 – or at any other time – as required by NYLL § 195(1).

26.     Defendants failed to provide Plaintiff Cerrato with accurate – or any – wage statements indicating, *inter alia*, his regular and overtime rates of pay, number of regular and overtime hours worked, or his correct gross pay, net pay, or deductions, for each pay period as required by NYLL § 195(3).

27.     Defendants treated and paid Plaintiff Cerrato and FLSA Collective Action Members in the same or similar manner.

28.     Additionally, Defendants have been involved in prior litigation relating to similar issues as those asserted herein.  Specifically, in the matter of *Adelmo Sandoval, Marvin Martinez, Ramiro Martinez, Bayron Murillo, and Yonathan Martinez v. Style Management Co., Inc., Andrew Rosenberg, Stefanie Rosenberg, and Mario Lee Castellon*, Docket No. 16-cv-07002 (DCF), those Plaintiffs asserted claims for, *inter alia*, failure to pay employees overtime and minimum wage compensation under the FLSA and NYLL, failure to furnish wage notices upon their hire under NYLL § 195(1), and failure to provide accurate wage statements for each pay period under NYLL § 195(3) based on substantially similar allegations.

## COLLECTIVE ACTION ALLEGATIONS
## AGAINST DEFENDANTS

29.     At all times relevant, Plaintiff Cerrato and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the Defendants' decisions, policies, plans and

common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper minimum wage compensation for their hours worked and overtime compensation for their hours worked in excess of forty (40) hours each workweek.

30.     Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff Cerrato, who have been underpaid and harmed by such underpayments in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

31.     Plaintiff Cerrato seeks to proceed as a collective action with regard to the First through Second Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by any or all of the Defendants as a parking garage attendant, cleaner, or laborer, and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

32.     The First through Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the named Plaintiff, who have been unlawfully deprived of overtime pay and minimum wage compensation in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

33.     Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

34.     Defendants employed Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of the FLSA.

35.     Defendants' violations of the FLSA have been willful and intentional.

36.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

37.     Due to Defendants' violations of the FLSA, Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, are entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – MINIMUM WAGES)**

38.     Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

39.     Defendants employed Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, yet willfully failed to pay Plaintiff, any

FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

40.    Defendants' violations of the FLSA have been willful and intentional.

41.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42.    Due to Defendants' violations of the FLSA, Plaintiff, any FLSA Collective Action Plaintiff who opts into this action, and any others in a similarly-situated position, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, and costs of this action.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

43.    Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

44.    Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of NYLL.

45.    By Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46.    Defendants' violations of the NYLL have been willful and intentional.

47.     Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – MINIMUM WAGES)

48.     Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

49.     Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, and willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

50.     Defendants' violations of the NYLL have been willful and intentional.

51.     Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

52.     Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53.     Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the

basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

54.    Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

55.    Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

56.    Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct gross wages, net pay, or deductions, for each pay period as required by NYLL § 195(3).

57.    Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i.      An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations;

iii.     Designation of this action as an FLSA collective action on behalf of the Plaintiff, FLSA Collective Action Plaintiffs, and any others in a similarly-situated position, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, and any others in a similarly-situated position, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.      Unpaid wages, including overtime and minimum wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

v.       Unpaid wages, including but not limited to unpaid overtime and minimum wages, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vi.      Damages pursuant to NYLL §§ 195(1), 198;

vii.     Damages pursuant to NYLL §§ 195(3), 198;

viii.    Pre- and post-judgment interest as permitted by law;

ix.      All attorneys' fees incurred in prosecuting these claims;

x.       All costs incurred in prosecuting these claims; and

    xi.       Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        February 9, 2022

                                      LAW OFFICE OF PETER A. ROMERO PLLC
                                      *Attorneys for Plaintiff*
                                      490 Wheeler Road, Suite 250
                                      Hauppauge, New York 11788
                                      Tel.: (631) 257-5588

By:      _____
                                      DAVID D. BARNHORN, ESQ.
                                      PETER A. ROMERO, ESQ.