USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD CERRATO GALAN,

        Plaintiff,

-against-

ANDREW ROSENBERG and I ROSENBERG AUTO REPAIRS, INC.,

        Defendants.

22-CV-01137 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter-motion dated January 27, 2023 (Joint Ltr.) (Dkt. 45), seeking approval of their fully-executed amended Settlement Agreement and Release (Ag.) (Dkts. 45-1, 45-2) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Andrew Rosenberg and I Rosenberg Auto Repairs, Inc., collectively to pay $60,000 to plaintiff Ronald Cerrato Galan, who was employed by defendants as a parking garage attendant, to settle his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 1; Joint Ltr. at 1-2. $39,420.34 of that amount is allocated to plaintiff, while the remaining $20,579.66 is allocated to plaintiff's counsel for fees and litigation costs. Ag. § 1(a)-(c); Joint Ltr. at 2. The settlement amount is to be paid in three initial monthly installments of $5,000 each, followed by 20 monthly installments of $2,250, with the first payment to be made within 90 days of this Order. Ag. § 1(d). The installment payment schedule is secured by a confession of judgment signed by Andrew Rosenberg on behalf of both defendants. Ag. Ex. B; Joint Ltr. at 2.

    The material terms of the settlement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, following mediation through this Court's mediation program. *See* Joint Ltr. at 1-2. On February 6, 2023, the parties consented to my jurisdiction for all purposes. (Dkt. 46.)

The financial terms of the Agreement are fair and reasonable. Plaintiff brought claims for unpaid overtime wages under the FLSA and NYLL, unpaid minimum wages under the NYLL, failure to furnish accurate wage statements for each pay period under the NYLL, and failure to provide a wage notice upon hiring under the NYLL. *See* Joint Ltr. at 1. The total settlement amount represents 48% of the maximum sum of $120,650 that counsel estimates plaintiff could recover under the FLSA (including liquidated damages), and 99% of plaintiff's maximum recovery for "unpaid FLSA wages." *Id.* at 3. This figure is reasonable in light of the parties' disputes concerning the plaintiff's actual working hours and whether he was paid correctly for those hours. *Id*. at 3.

The settlement allows all parties to avoid the risks, burdens, and expenses of proceeding with the litigation, including the risks that plaintiff would recover substantially less than he sought as a result of the contested legal and factual issues and that plaintiff could recover nothing, even if successful at trial, due to defendants' limited financial resources. *See* Joint Ltr. at 3-4. Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the settlement are also fair. The Agreement includes a one-way release limited to any claims plaintiff could bring under the FLSA or NYLL arising out of conduct occurring between the beginning of plaintiff's employment with defendants and the date of plaintiff's execution of the agreement. *See* Ag. § 5. There is no rehiring prohibition, confidentiality clause, or non-disparagement provision. *See* Joint Ltr. at 4.

The proposed attorneys' fee award is $19,710.16, representing one-third of the net settlement payment (after deduction of $839.50 in costs, for which counsel will also be reimbursed). *See* Joint Ltr. at 4-5. The fee amounts to approximately 1.96 times counsel's stated

lodestar of $10,040.00, *see id.* at 8, which is not excessive in light of the degree of success obtained, and is in line with typical contingency fee agreements in this District. The expenses, consisting of the $402 filing fee and $467.50 in process server costs, are properly documented. *See* Joint Ltr. at 10, Ex. C.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
March 31, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**